IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE S. CARRIE, ET AL., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | No. 3:12-cv-852-G-BN |
| | § | |
| CHASE HOME FINANCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Plaintiffs Stephanie S. and Rollins Carrie, proceeding *pro se*, filed a "Petition for a Verification of Debt" in the 68th District Court of Dallas, naming Chase Home Finance as the defendant. Plaintiffs' petition is focused on their loan in connection with their residence at 4017 Camden Lane, Sachse, TX 75048. *See* Dkt. No. 1-1 at 1. Plaintiff's petition stated that they "request[] verification of debt from Defendant, Chase Home Finance, in order to establish whether Defendant has standing to bring forth remedies entitled to Defendant, Plaintiff requests the Defendant to produce the following as proof of claim with 30 days of notice." *Id.* Plaintiffs then itemized: "1) The

**ORIGINAL UNALTERED WET INK SIGNATURE PROMISSORY NOTE** and other documents listed below, signed by Defendant in association to the loan pursuant to USC Tile 18, Part I, Chapter 101 § 2071." *Id.* Plaintiffs further alleged: "These documents should also include all of these evidentiary documents proving the validity of the Deed of Trust: 1) Form S3 registration statement[;] 2) Form 424(b)(5) prospectus (for the SBC)[;] 3) Form FR 2046 balance sheets[;] 4) Form FR 2049 balance sheets[;] 5) Form FR 2099s balance sheets." *Id.* Plaintiffs' petition further statements that "[t]hese documents represent proof that the Defendant is in fact the Note Holder in Due Course and have standing as a **damaged party of interest** in the Promissory Note as Plaintiff has reason to believe the Defendant has sold the Note under 'mortgage back securities instrument' to investors under a pooling interest" and demanded that "Defendant [] stipulate via affidavit that they are in fact the Creditor in this loan/security instrument." *Id.* According to Plaintiffs, a "Creditor needs to **show true double entry accounting debits of the loss** as a result of the issuance of the loan to Plaintiff according to the Generally Accepted Accounting Principles (GAAP)." *Id.* Plaintiffs' petition concluded that, "[i]f Defendant cannot produce proof of claim, they have no standing in any future controversy" and that, "[i]f Defendant is unable to produce proof of claim, Plaintiff prays the court to order the Defendant to release all claims against Plaintiff and grant rightful remedies due Plaintiff." *Id.* at 1, 2.

On March 22, 2012, JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, incorrectly sued as Chase Home Finance, removed the case to federal district court. *See* Dkt. No. 1. Less than a week later, Defendant filed a motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7. The Court denied the motion without prejudice to permit Plaintiffs to file an amended complaint, without leave of court, by April 20, 2012.[1] Plaintiffs did not do so.

More than a month after Plaintiffs' deadline for filing an amended complaint passed without any filing, Defendant filed a motion to reconsider the denial of its Rule 12(b)(6) motion. *See* Dkt. No. 13. One month later, an attorney entered an appearance for Plaintiffs, *see* Dkt. No. 14, and the Court granted Defendant's motion to reurge its Rule 12(b)(6) motion and ordered Plaintiffs to file a response within 14 days, *see* Dkt. No. 15. Plaintiffs instead filed an amended complaint, without seeking leave of court, *see* Dkt. No. 16, which the Court ordered to be unfiled because it was filed without leave of court more than two months after the deadline set for Plaintiffs to amend their complaint, *see* Dkt. No. 19. Plaintiffs also filed a response to Defendant's re-urged Rule 12(b)(6) motion. *See* Dkt. No. 18.

Defendant's Rule 12(b)(6) motion is now fully briefed and ripe for determination. However, the day after Defendant filed its reply in support of the Rule 12(b)(6) motion, Plaintiffs' counsel filed an agreed motion to withdraw, which the Court granted. *See* Dkt. Nos. 21 & 22. Plaintiffs, accordingly, are again proceeding *pro se*.

The undersigned recommends that Defendant's motion to dismiss [Dkt. No. 7] should be granted without prejudice to Plaintiffs' filing an amended complaint.

---

[1] United States Magistrate Judge Jeff Kaplan entered the prior order denying without prejudice Defendants' motion to dismiss. Effective November 21, 2012, this civil case was reassigned to the undersigned United States Magistrate Judge David L. Horan pursuant to Special Order 3-290.

## Legal standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

## Analysis

Defendant argues that, in their petition seeking declaratory relief based on alleged violations of federal law and alleging that Defendant must produce various documents as "proof" that it is a creditor and holder of the subject promissory note with standing to foreclose, Plaintiffs fail to allege any facts demonstrating a claim against Defendant upon which they may plausibly recover. Plaintiffs respond that "Plaintiffs' pleadings are grounded in Defendants' own documents filed of public record" and that "Plaintiffs are seeking declarations of the rights of parties that attempted to foreclose on their home based on a promissory note and deed of trust they allegedly executed." Dkt. No. 18 at 4. The Court agrees that Plaintiffs have not plead enough facts to state a claim to relief that is plausible on its face.

Indeed, another judge on this Court has granted a motion to dismiss an identical petition, explaining:

> After carefully reviewing the three pleadings filed by Plaintiff in state court, the Court cannot ascertain what basis under Texas or federal law Plaintiff attempts to base his claims for relief upon. Nor after extensive research has the Court been able to find any cognizable basis for the relief Plaintiff requests. From the cursory details in the pleadings, Plaintiff might simply be requesting a verification of debt as provided for by Texas consumer law (but as to which a lawsuit does not appear to be the proper avenue of making the request) or he might be going much further, in fact attempting to assert claims of wrongful foreclosure or unfair debt collection. The Court simply cannot ascertain whether Plaintiff's claims are even the subject of a case or controversy for the Court to decide.

*Williams v. Wells Fargo Home Mortgage*, No. 3:11-cv-467-B, 2011 WL 2006307, at *2 (N.D. Tex. May 20, 2011). The Court can say the same of Plaintiffs' petition here, but,

even taking on anew each of Plaintiffs' allegations as best the Court can understand them, Plaintiffs' petition does not meet Rule 8(a)'s plausibility standard.

Plaintiffs allege that "[United States Code] Title 18, Part 1, Chapter 101 [section] 2071" requires Defendant to produce "The ORIGINAL UNALTERED WET INK SIGNATURE PROMISSORY NOTE" and several securities-related "evidentiary documents proving the validity of the Deed of Trust," which Plaintiffs allege "represent proof that Defendant is in fact the Note Holder in Due Course and have standing as a damaged party of interest in the Promissory Note." Dkt. No. 1-1 at 1. Plaintiffs allege they are entitled to this relief from Defendant pursuant to 18 U.S.C. § 2071, a federal statute that criminalizes the destruction of certain government documents but does not create a civil cause of action. *See Scott v. CSC Credit Servs., Inc.*, No. 3:05-cv-1953-B, 2005 WL 3478122, at *1 (N.D. Tex. Dec. 19, 2005) (18 U.S.C. § 2071(a) "is a criminal statute that does not create a civil cause of action."). Section 2071 does not entitle Plaintiffs to any of the relief they seek.

But, even if Plaintiffs were not relying on an inapplicable criminal statute, Plaintiffs are "relying on a legal theory colloquially known as the 'show-me-the-note' theory," which "supposes ... that only the holder of the original wet-ink signature note has the lawful power to initiate a non judicial foreclosure." *Clark v. Bank of America NA*, No. 3:12-cv-1277-N-BK, 2012 WL 4793465, at *7 (N.D. Tex. Aug. 1, 2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct 9, 2012) (internal quotation marks omitted) (citing cases). "Courts in this and neighboring districts have 'roundly rejected this

theory ... because foreclosure statutes simply do not require possession or production of the original note.'" *Id.* (internal quotation marks omitted) (citing cases).

Plaintiffs do not claim that Defendant was not the mortgagee or mortgage servicer on the mortgage loan, or any facts to support such allegations. And, to the extent that Plaintiffs claim that Defendant "had no right to foreclose or provide a notice of sale because it did not provide proof of ownership of the note and deed of trust," that "theory that has been debunked consistently by Texas courts." *Bennett v. JPMorgan Chase*, No. 3:12-cv-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *rec. adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012). Here, Plaintiffs have "not cited to any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note," and, "[t]o the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note." *Ortiz v. Wells Fargo Bank, N.A.*, No. 3:11-cv-2131-N-BD, 2011 WL 6097857, at *2 (N.D. Tex. Oct. 21, 2011), *rec. adopted*, 2011 WL 6058034 (N.D. Tex. Nov. 30, 2011) (citing cases);[2] *see also Coleman v. Bank of America, N.A.*, No. 3:11-cv-430-G-BD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011) (same); *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2012 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) ("The Property Code, therefore, contemplates that someone other than the holder of the original note – for example, a mortgage servicer who is not the mortgagee – may

---

[2] As in *Williams*, the Court in *Ortiz* dismissed a complaint identical to Plaintiffs' petition here. *See id.* at *1-*2.

lawfully foreclose on the security interest, and the plaintiffs have not identified, and the court has not found, any provision in Chapter 51 of the Property Code that requires a mortgage servicer to produce the original note prior to foreclosure." (citation omitted)).

Neither does seeking declaratory relief – which the Court treats, upon removal to federal court, as proceeding under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 – salvage Plaintiffs' allegations where Plaintiffs have "failed to state a plausible claim because a party seeking to foreclose on property is not required, under Texas law, to produce the original 'wet-ink' note." *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortg. Elec. Registration Sys., Inc.*, No. 3:12-cv-613-D, 2012 WL 2196040, at *4 (N.D. Tex. June 15, 2012). And Plaintiffs assert no other substantive claims – and certainly no plausible ones – to support their request for declaratory relief.

**Recommendation**

The Court should grant Defendant's motion to dismiss [Dkt. No. 7] without prejudice to Plaintiffs filing an amended complaint. In light of Plaintiffs' *pro se* status – at the time of filing and removal and now, once again – and their previous attempt to file an amended complaint, and because Plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the Court has identified, the Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE